**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Markia HARRISON and Kewia Tyrone Hunter, Defendants–Appellants.**

Nos. 03–4535, 03–4576.

United States Court of Appeals,
Sixth Circuit.

Aug. 30, 2005.

Michael J. Burns, Asst. U.S. Attorney, U.S. Attorney's Office Southern District of Ohio, Columbus, OH, for Plaintiff–Appellee.

Steven S. Nolder, Federal Public Defender's Office, Columbus, OH, Raymond J. Rigat, Gilbride & Rigat, Clinton, CT, for Defendants–Appellants.

Before GUY, DAUGHTREY, and GIBBONS, Circuit Judges.

PER CURIAM.

The defendants, Markia Harrison and Kewia Hunter, entered guilty pleas in related cases that have been consolidated for the purpose of appeal. Harrison's plea on a charge of maintaining a place for storing controlled substances, in violation of 21 U.S.C. § 856(a)(2), was conditional, subject to our review of the voluntariness of the consent she gave to an ATF agent to search her bedroom, from which the agent seized Hunter's firearm and a quantity of crack cocaine. Hunter's plea was not conditional. He pleaded guilty to charges of furnishing false information to a federally licensed firearms dealer in the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6); distributing more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii); and possessing a firearm in furtherance of a

drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). On appeal, he contends that the district court should have recognized that he was incompetent at the sentencing hearing and ordered an evaluation *sua sponte* before imposing sentence. We find no reason to overturn either conviction and affirm.

The two defendants were together in a car when Hunter made a sale of almost 10 grams of cocaine base to an informant. After a period of surveillance, they were stopped and Hunter was arrested. Harrison agreed to be interviewed and was taken to police headquarters, where she was subjected to an interrogation that the district court later found to be coercive. As a result of that ruling, the consent that Harrison signed at the end of the interview was held to be involuntary. However, Harrison signed a second consent form after she was taken back to her apartment by an ATF agent, who then presented an ATF consent form and explained it to Harrison. He testified that "at least 30 minutes" had elapsed since Harrison had left police headquarters and that she was calm at the time she signed the form, sitting in her kitchen with her mother and her son some 10–15 feet away in the living room. Harrison was also permitted to limit the scope of the search to her own bedroom, after evidence surfaced that her mother had "smoked a joint" that morning and was apparently unwilling to have the entire apartment subject to a probing search.

■ After listening to the testimony presented at the suppression hearing, the district court denied the motion to suppress evidence seized from Harrison's bedroom, finding that the second consent had been voluntary and knowing. The district court also found that there was probable cause to search the apartment, based on evidence produced concerning the undercover purchase and the ensuing surveillance of the defendants, that officers were prepared to secure a search warrant if they were unable to get a valid consent, and that two officers had been dispatched for that purpose. Based on this testimony, the district court also ruled that the evidence seized from Harrison's bedroom was admissible under the doctrine of inevitable discovery.

Because we conclude that the district court was correct in finding that the second consent signed by Harrison was voluntary and that the evidence seized from the apartment was therefore admissible, we find it unnecessary to address the application of the inevitable discovery doctrine to the facts of this case.

■ Prior to entering his guilty plea, Hunter secured the district court's approval for the expenditure of funds for a psychological evaluation, and at the guilty plea hearing, defense counsel informed the court that he believed that his client was competent to enter a plea. At the sentencing hearing some months later, counsel told the court about Hunter's mental health history but again indicated that he thought that his client was competent to proceed. During allocution, Hunter expressed concern about his physical condition—he had been hospitalized after suffering a severe asthma attack while incarcerated awaiting sentencing—but he did not raise an issue concerning his competency.

Our review of the record reveals no basis on which to find that the district court should have ordered a competency hearing before sentencing Hunter in accordance with the agreement that he had reached with the government as a basis for a guilty plea.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in denying defendant Harrison's suppres-

sion motion or in imposing sentence on defendant Hunter. Because the record fails to reflect any basis for overturning Hunter's conviction and because the reasons supporting denial of Harrison's motion to suppress have been fully articulated by the district court in its opinion and order filed November 13, 2002, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgments of conviction entered by the district court against both defendants.

Finally, we DENY the motion filed by defendant Hunter to remand his case for re-sentencing under *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the sentences in question were the minimum periods of incarceration mandated by statute for the offenses of conviction.